UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

JAWVAN E. COOK,

    Plaintiff,

vs.

The United States; State of Nevada; et. al.,

    Defendants.

Case No. 2:16–cv–69–JAD–VCF

**ORDER AND REPORT & RECOMMENDATION**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* (DOC. #1) AND COMPLAINT (DOC. #1-1)

  Before the court are Plaintiff Jawvan E. Cook's application to proceed *in forma* pauperis (Doc. #1) and complaint (Doc. #1-1). For the reasons stated below, Cook's *in form pauperis* application is granted and he may proceed with this action.

## I. Discussion

  Cook's filings present two questions: (1) whether Cook may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether Cook's complaint states a plausible claim for relief. Each is discussed below.

1. Cook May Proceed *In Forma Pauperis*

  Cook's application to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a)(1) permits a plaintiff to bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff's "is unable to pay such fees or give security therefor." Pursuant to section 1915(a)(1), Johnson submitted a financial affidavit. (Doc. #1). According to the affidavit, Cook is incarcerated, has no savings, and relies on family support. Cook's application to proceed *in forma pauperis* is, therefore, granted.

/// /// ///

**II. Legal Standard**

Because the court grants Cook's application to proceed *in forma pauperis*, it must review Cook's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. *See* 28 U.S.C. § 1915(e). The court's review of Cook's complaint is guided by two legal standards: Federal Rule of Civil Procedure 8 and the Supreme Court's decision in *Erickson v. Pardus*, 551 U.S. 89 (2007).

Federal Rule of Civil Procedure 8(a) also provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court's decision in *Ashcroft v. Iqbal*, states that in order to satisfy Rule 8's requirements a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009). The Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) and Iqbal prescribe a two-step procedure to determine whether a complaint's allegations cross that line.

First, the court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," *id*. at 678, or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id*. at 681.

Second, the court must determine whether the complaint states a "plausible" claim for relief. *Id*. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (citation omitted). If the factual allegation, which are accepted as true, "do

not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id*. (citing FED. R. CIV. P. 8(a)(2)).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

If the court dismisses a complaint under section 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

Cook's claims fall into four categories: (1) claims that fail as a matter of law, (2) claims that fail to state a claim for relief, (3) claims that fail to allege any wrongdoing, and (4) claims that may proceed.

### 1. Claims That Fail as a Matter of Law

#### a. *All Claims Against the United States*

"Federal sovereign immunity insulates the United States from suit 'in the absence of an express waiver of this immunity by Congress.'" *Tobar v. United States*, 639 F.3d 1191, 1195 (9th Cir. 2011) (internal citations omitted). Cook names the United States as a defendant, but cites no statute that serves as an express waiver of the United States' sovereign immunity. Cook's claims against the United States should be dismissed with prejudice as amendment would be futile. *See Cato*, 70 F.3d at 1106.

#### b. *All Claims Against the State of Nevada*

"[A] state is not a 'person' within the meaning of [42 U.S.C.] § 1983." *Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993) (en banc). Cook seeks to hold Nevada liable under § 1983. Cook's claims against the state of Nevada should be dismissed as Nevada is not a "person" within the meaning of § 1983. *See Cato*, 70 F.3d at 1106.

3

### 2. Claims That Fail to State a Claim for Relief

#### a. *All Claims Against the Las Vegas Metropolitan Police Department* (*Metro*)

"To hold a police department liable for the actions of its officers, the [Plaintiff] must demonstrate a constitutional deprivation, and show that the deprivation was visited pursuant to a police department custom or policy." *Munger v. City of Glasgow Police Dept.*, 227 F.3d 1082, 1088 (9th Cir. 2000). A police department "cannot be held liable under a respondeat superior theory." *See Fogel v. Collins*, 531 F.3d 824, 834 (9th Cir. 2008). Cook's claim against Metro should be dismissed because Cook identifies no Metro custom or policy that deprives him of his constitutional rights.

### 3. Claims that fail to allege any wrongdoing

#### a. *All Claims Against Officer John Doe #4*

Cook alleges that Officer John Doe #4 received Cook's citation and "transported [Cook] to the Clark county detention center." (Doc. #1-1 at 5). Cook fails to allege how Officer John Doe #4's conduct violated Cook's constitutional rights. Cook's claims against Officer John Doe #4 should be dismissed for failure to allege wrongdoing.

#### b. *All Claims Against Officer John Doe #5*

Cook alleges that "officer John Doe #5 transferred me to U.M.C. hospital due to worsening condition." (Doc. #1-1 at 5). Cook fails to allege how Officer John Doe #5's conduct violated Cook's constitutional rights. Cook's claims against Officer John Doe #5 should be dismissed for failure to allege wrongdoing.

/// /// ///

/// /// ///

/// /// ///

### 4. Claim That May Proceed

*a. All Claims Against Officer John Doe #1, Officer John Doe #2, and Officer John Doe #3*

The Fourth Amendment protects individuals "against unreasonable searches and seizures." U.S. CONST. amend. IV.[1]  Law enforcement's use of excessive force during an arrest may constitute an unreasonable seizure in violation of the Fourth Amendment. *Mattos v. Agarano*, 661 F.3d 433, 441 (9th Cir. 2011).  When assessing whether a seizure was unreasonable, the court will consider: "(1) how severe the crime at issue is, (2) whether the suspect posed an immediate threat to the safety of the officers or others, and (3) whether the suspect was actively resisting arrest or attempting to evade arrest by flight." *Id.*

Cook alleges that Officers John Doe #1, #2, and #3 "handcuffed [Cook] by force, slammed [him] in between a table and a bench" and "repeatedly hit [him] with physical blows, elbows and knees to my chest." (Doc. #1-1 at 5).  Accepting Cook's allegations as true, he has stated a plausible claim that Officers John Doe #1, #2, and #3's use of force against Cook constituted an unreasonable seizure.  Cook's claims against Officers John Doe #1, #2, and #3 may proceed.

/// /// ///

/// /// ///

/// /// ///

/// /// ///

/// /// ///

/// /// ///

---

[1] The Fourth Amendment protections against unreasonable searches and seizures are applied to the states through the due process clause of the Fourteenth Amendment. *Wolf v. Colorado*, 338 U.S. 25, 27-28 (1949).

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff Jawvan E. Cook's application to proceed *in forma pauperis* (Doc. #1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court file the complaint. (Doc. #1-1).

IT IS FURTHER ORDERED that the Plaintiff Jawvan E. Cook is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS RECOMMENDED that the United States be DISMISSED with prejudice.

IT IS FURTHER RECOMMENDED that Nevada be DISMISSED with prejudice.

IT IS FURTHER RECOMMENDED that all claims against the following Defendants be DISMISSED with leave to amend: Las Vegas Metropolitan Police Department, Officer John Doe #4, and Officer John Doe #5.

IT IS FURTHER RECOMMENDED that all claims against Officers John Doe #1, Officer John Doe #2, and Officer John Doe #3 be allowed to proceed.

IT IS FURTHER RECOMMENED that if the court adopts this Report & Recommendation, a DATE be set for the filing of the Amended Complaint to avoid dismissal with prejudice.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from

the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

    IT IS SO ORDERED AND RECOMMENDED.

    DATED this 19th day of January, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE